

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**at Greenbelt**

| | | |
|---|---|---|
| In Re: | * | |
| John Harold Harding, | * | Case No.    15-24575-WIL |
| | * | Chapter    7 |
| | * | |
| Debtor. | * | |

## <u>MEMORANDUM TO DEBTOR</u>

Before the Court is a letter dated May 21, 2016, written by the Debtor to the Clerk of this Court.    The letter references and seeks the same relief as an earlier letter submitted by the Debtor to the Court in which the Debtor asked the Court to take judicial notice of his allegations of discrimination in the calculation of FICO scores for bankruptcy filers.    The relief sought by the Debtor is not relief that can be granted by this Court.    Specifically, the impact of a bankruptcy filing on a debtor's FICO score is not a fact for which judicial notice may be made. Pursuant to Fed. R. Evid. 201:

> The court may judicially notice a fact that is not subject to reasonable dispute because it:

>> (1) is generally known within the trial court's territorial jurisdiction; or

>> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201.    "The taking of judicial notice is often merely a way of simplifying the

process of authenticating documents which would generally require certification under *FRE 901* and *902,* and overcoming *FRE 1002* best evidence problems (i.e. the concept that because they are in the Court's own files they are accepted as genuine)." *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008).   The filing of a document with a court does not automatically result in the contents of the document attaining a sufficient degree of reliability to overcome evidentiary objections or necessitate that the allegations contained in the document be accepted as true.  *See id.*   With respect to the Debtor's request, the impact of a bankruptcy filing on an individual's credit score is not something that is generally known within this Court's territorial jurisdiction and cannot be accurately and readily determined from a source whose accuracy cannot be reasonably questioned.   *See* Fed. R. Evid. 201.   Credit reporting companies could consider and weigh any number of factors in determining an individual's credit score. Moreover, as explained in the letter from this Court to the Debtor dated May 17, 2016, bankruptcy courts are not responsible for reporting, furnishing, deleting or determining a debtor's credit score.   The calculation of one's credit score is simply outside the purview of the bankruptcy court.   Lastly, the Debtor's request is not related to any pending action in his bankruptcy case.   There is no pending motion, complaint or other cause of action to which a finding of discrimination would relate.   As such, the Debtor seeks an impermissible advisory opinion.   *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)(stating "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them").

For these reasons, a hearing is unnecessary in this matter and the Court will take no further action regarding the Debtor's letter dated May 21, 2016.

cc:     Debtor - *Pro Se*
        Chapter 7 Trustee
        United States Trustee

**End of Memorandum**